USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 29 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Dr. Michael (Mikhail) Tyurin,

    Plaintiff,

—v—

B & H Photo Video Pro Audio LLC, et al.,

    Defendants.

17 Civ. 5983 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

This case arises from pro se Plaintiff Dr. Michael (Mikhail) Tyurin's purchase of a 512 GB hard drive through the website of B & H Foto & Electronics Corp. Plaintiff filed an action in Texas state court against B & H (named in this action as B & H Video Pro Audio LLC) and two of its attorneys to recover damages for theft, fraud, and intentional infliction of emotional distress. The case was subsequently removed to federal court and transferred to this district. Now before the Court is Defendants' motion to dismiss Plaintiff's Third Amended Complaint and Plaintiff's cross-motion to remand the case to state court. For the reasons provided below, the Court denies the motion to remand and grants the motion to dismiss the complaint, with prejudice.

## I. FACTUAL BACKGROUND

The following facts from the complaint and attached exhibits are taken as true for purposes of deciding this motion. *See McGarry v. Pallito*, 687 F.3d 505, 510 (2d Cir. 2012). Plaintiff Dr. Michael (Mikhail) Tyurin is a citizen of Texas, *see* Compl. ¶ 1, and Defendant B & H is a corporation registered in and with its principal place of business in New York, *see* Compl.

1

¶2; Ex. "The Seller" at 2. Defendants Clint Corrie and Robert Weitzel are attorneys in the Dallas office of Akerman, LLP, which represents B & H. *See* Compl. ¶ 2.

On April 11, 2016, Plaintiff placed an order through B & H's website for a 512 GB Solid State Drive (SSD), which cost $189.99. Compl. ¶¶ 4-5, Ex. 4. Plaintiff ordered the drive for use in his business; he had previously contracted with an unidentified client to begin a project on April 18, 2016, for which the drive was required. Compl. ¶ 4. The package from B & H arrived on April 14, 2018. Compl. ¶ 5. However, on opening the packaging, Plaintiff discovered that he had received a 256 GB SSD, rather than the 512 GB SSD that he had ordered. Compl. Ex. 5. Plaintiff, wearing gloves, documented through photographs the opening and unpacking of the SSD box. *See id.* Plaintiff further alleges that he repacked and returned the SSD he was shipped but did not receive a refund from B & H. Compl. ¶ 9. In addition, it was impossible for Plaintiff to procure a different 512 GB SSD in time to complete his scheduled business contract, resulting in lost revenue of $20,150. Compl. ¶¶ 8-9. Accordingly, Plaintiff filed suit against B & H in Texas state court to recover the amount paid and his lost revenue. Compl. ¶ 13.

As a result of the incident and the ensuing litigation, Plaintiff alleges he experienced a number of negative health events, including a myocardial infarction and a stroke, which left him unable to drive. Compl. ¶ 15. This, in turn, caused Plaintiff to miss out on an additional business project for which he would have been paid $10,500. *Id.* The negative health impact of what Plaintiff describes as B & H and its attorneys' "extreme and outrageous conduct" was aggravated by Plaintiff's preexisting posttraumatic stress disorder. Compl. ¶ 10. Plaintiff was particularly affected by certain actions of B & H's lawyers, specifically (1) the filing of a motion for removal to federal court, and (2) "harass[ment] with their litigation documents" by mailing court filings to Plaintiff's business address. Compl. ¶ 14.

2

Plaintiff seeks monetary damages from B & H and two of its attorneys for (1) lost revenue from the contracts he alleges he was forced to rescind; (2) future medical bills associated with the myocardial infarction and stroke; and (3) pain and suffering. *See* Compl. pp. 27-29[1].

## II. PROCEDURAL BACKGROUND

Prior to commencing the instant litigation, Plaintiff brought a similar suit against B & H on April 25, 2016, in the County Civil Court at Law No. 2 of Harris County. *See* Dkt. No. 2.[2] B & H, the only defendant at that time, removed to federal court in the Southern District of Texas on the basis of diversity jurisdiction, then filed a motion to dismiss. Before the court could decide on B & H's motion, however, Plaintiff filed his own motion to dismiss, which the court granted. *See* Case No. 4:16-cv-01431 (S.D. Tex.).

On July 20, 2016, Plaintiff again filed suit against B & H, this time in the 113th Judicial District Court of Harris County, Texas. In this second action, Plaintiff also brought charges against Weitzel and Corrie, who had represented B & H in the first action. On March 17, 2017, Defendants removed the case to the United States District Court for the Southern District of Texas on the basis of diversity jurisdiction and the doctrine of fraudulent joinder. Shortly thereafter, Defendants moved to dismiss the case in full or, alternatively, to transfer to this Court. On August 7, 2017, Judge Bennett of the Southern District of Texas granted Defendants' motion to transfer. Defendants again moved to dismiss the complaint on October 2, 2017. On December 8, 2017, not having received any submission from Plaintiff, the Court issued an Order extending the deadline for Plaintiff to amend his complaint or serve an opposition to January 5,

---

[1] Where Plaintiff's Third Amended Complaint contains numbered paragraphs, the Court cites to the specific paragraph in the interest of clarity. In the absence of numbered paragraphs, the Court cites to the page number and/or named exhibit.

[2] The Court takes judicial notice of the pleadings on file in *Dr. Michael (Mikhail) Tyurin v. B & H Foto & Electronics Corp. S/H/A B & H Photo Video Pro Audio LLC*, No. 4:16-cv-01431 (S.D. Tex.), and in the instant case. *See Kavowras v. New York Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003) ("Judicial notice may be taken of public filings.").

2018. Dkt. No. 48. The Court again extended the deadline for Plaintiff to oppose the motion on January 17, 2018, following receipt of a request from Plaintiff for appointed counsel, which the Court denied. Dkt. No. 51. On February 2, 2018, Plaintiff submitted a motion styled "Request to Remand this Case Back to Texas District Court, Objections to Defendants' Motion to Dismiss this Case, & Dr. Tyurin's Notes Per the Lack of Jurisdiction of this Court Over this Case." Dkt. No. 52. Though this motion was not timely filed, to the extent it raises issues about the Court's subject matter jurisdiction, the Court will consider those arguments.

## III. LEGAL STANDARD

### A. Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the allegations in the Complaint as true and draws all reasonable inferences in favor of the non-moving party. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, "the complaint's factual allegations must be enough to raise a right to relief above the speculative level, i.e., enough to make the claim plausible." *Arista Records, LLC, v. Doe 3*, 604 F.3d 110,120 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When a plaintiff is proceeding pro se, the Court holds the pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Boddie v. Schneider*, 105 F.3d 857, 860

(2d Cir. 1997) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). That is to say, the Court will "liberally construe" the complaint when deciding the motion to dismiss. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). However, "the duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it," and pro se plaintiffs must still follow applicable standards of procedural and substantive law. *Kirk v. Heppt*, 532 F.Supp.2d 586, 590 (S.D.N.Y. 2008).

Generally, only "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint" may be considered in assessing whether a claim is sufficient to survive a Rule 12(b)(6) motion. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). However, the Court may also consider "documents... incorporated by reference, documents that are integral to the plaintiff's claims, even if not explicitly incorporated by reference, and matters of which judicial notice may be taken." *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 330 (S.D.N.Y. 2003) (internal citations omitted).

### B. Choice of Law

Before assessing whether Plaintiff has pled sufficient facts to state a plausible claim for relief, the Court must determine which state's law to apply. Courts sitting in diversity are generally bound to apply the choice of law rules of the state in which they sit. *See Krock v. Lipsay*, 97 F.3d 640, 645 (2d Cir. 1996) (citing *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). When an action is transferred between federal courts, the law of the transferor state continues to apply so long as venue was proper where the case was brought. *Ferens v. John Deere Co.*, 494 U.S. 516, 518-19 (1990). Here, Defendants moved to transfer under 28 U.S.C. § 1404(a), which provides for transfer between federal courts "[f]or the convenience of parties and

witnesses, in the interest of justice," rather than under § 1406, the provision that governs transfer from a court in which venue is improper. However, there is an exception to the application of transferor state choice of law rules for cases in which transfer under § 1404(a) is to enforce a forum selection clause. *See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 65 (rejecting "the rule that the law of the court in which the plaintiff inappropriately filed suit should follow the case to the forum contractually selected by the parties"). The District Court for the Southern District of Texas transferred this action to this Court "pursuant to the mandatory forum-section clause found on B & H Foto & Electronic Corp.'s User Agreement." Dkt. No. 36. The Court thus applies New York choice of law rules.

Defendants ask the Court to take judicial notice of this User Agreement, and argue that New York substantive law governs the case because the Agreement contains a choice of law clause in addition to the forum selection clause. Plaintiff does not directly oppose this argument, but brings claims sounding in Texas law and cites to Texas cases in support of his arguments. *See generally* Compl. In New York, valid contractual choice of law provisions are generally enforced. *See AEI Life LLC v. Lincoln Benefit Life Co.*, 892 F.3d 126, 132 (2d Cir. 2018). Despite their presumptive validity, choice of law provisions are not enforceable against a party without a "manifestation of assent" from that party. *See Berkson v. Gogo LLC*, 97 F.Supp.3d 359, 388 (E.D.N.Y. 2015) ("Mutual manifestation of assent is the touchstone of a binding contract.") (quoting *Specht v. Netscape Communications Corp.*, 306 F.3d 17, 29 (2d Cir. 2002) (internal quotation marks and citations omitted)). Where contractual terms are contained in a website user or agreement or terms of service, these terms are not binding unless consumers have "reasonable notice" of those terms and "exhibit unambiguous assent." *Id.* at 395. Though B & H states that "[a]ll customers who purchase B & H's products through B & H's website agree to

6

B & H's User Agreement," there is no information in the record indicating whether Plaintiff needed to signify acceptance of the agreement to complete a purchase, or was otherwise put on notice of its terms. Dkt. No. 45 at 14. Nor is the Court convinced that it is permissible to take judicial notice of the Agreement based on the Third Amended Complaint's references to B & H's website and his online purchase. Because of this, it is unclear whether the User Agreement's choice of New York law is binding. *See Hines v. Overstock.com, Inc.*, 668 F.Supp.2d 362, 367 (E.D.N.Y. 2009) (A conclusory statement that "by accessing Overstock's website, an individual accepts Overstock's Terms and Conditions of Use," was not sufficient to show constructive notice.). Nevertheless, the Court need not decide this issue definitively, as Plaintiff has failed to state a claim arising from the online transaction under either state's law, as discussed below.

Even if New York law does govern claims arising from the transaction on B & H's webpage, Plaintiff's claims against Defendants Weitzel and Corrie for actions associated with his prior lawsuit do not fall within the scope of the User Agreement choice of law provision. By its terms, the Agreement provides that "any dispute, which arises from and out of this Web Site, shall be construed with the laws of the state of New York." Dkt. No. 9 at 14. Defendants Weitzel and Corrie were uninvolved with the transaction between Plaintiff and Defendant B & H through B& H's website. The dispute that involves the two attorneys does not arise from the website, but rather from actions they took in the defending B & H against a civil claim in Texas. *Cf. Turtur v. Rothschild Registry Intern., Inc.*, 26 F.3d 304, 310 (2d Cir. 1994) (applying

contractually chosen law to fraud claims that "clearly" arose out of an investment agreement).

The Court will therefore apply Texas law to any claims against Defendants Weitzel and Corrie.

## IV. DISCUSSION

### A. Motion to Remand

Before the Court is Plaintiff's cross motion to remand this action to state court due to a lack of diversity. While B & H is a New York company, Defendants Weitzel and Corrie are citizens of Texas, as is the Plaintiff. It is well established that, under 28 U.S.C.A. § 1332(a), complete diversity of citizenship is required in order for a federal court to exercise jurisdiction. *See, e.g., Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990). Defendants do not dispute that the parties named in the case lack complete diversity. Rather, they argue that federal court jurisdiction is nevertheless proper under the doctrine of fraudulent joinder. *See* Dkt. No. 47. "[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998). The Defendants bear the burden of proving fraudulent joinder by clear and convincing evidence, and any uncertainty must be resolved in Plaintiff's favor. *Id.* at 461. However, if there is no possibility "that plaintiff can establish any cause of action against a defendant," the Court may discount the citizenship of that defendant for purposes of diversity. *Sonnenblick-Goldman Co. v. ITT Corp.*, 912 F. Supp. 85, 88 (S.D.N.Y. 1996); *see also Allied Programs Corp. v. Puritan Ins. Co.*, 592 F. Supp. 1274, 1276 (S.D.N.Y. 1984) ("Joinder will be considered fraudulent when it is established that there can be

no recovery against the defendant under the law of the state on the cause alleged.") (internal quotation marks omitted).

As discussed above, Plaintiff's claims against Defendants Weitzel and Corrie are governed by Texas law. Under Texas law, attorneys enjoy complete immunity for conduct that is "part of the discharge of the lawyer's duties in representing his or her client." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). This immunity is "a true immunity from suit," not "a defense to liability." *Troice v. Proskauer Rose*, L.L.P., 816 F.3d 341, 346 (5th Cir. 2016). Plaintiff's claims against Weitzel and Corrie arise from (1) their role in removing the first lawsuit to federal court, and (2) their mailing of court documents to his personal and professional addresses. Filing a motion to remove and initiating service of legal documents constitute conduct that requires "the office, professional training, skill, and authority of an attorney." *Miller v. Stonehenge/Fasa–Texas, JDC, L.P.*, 993 F. Supp. 461, 464 (N.D.Tex. 1998). Therefore, under substantive Texas law, there was not even a "mere possibility" that Plaintiff could establish a cause of action against Weitzel and Corrie. *Sonnenblick-Goldman Co. v. ITT Corp.*, 912 F. Supp. at 88. Their citizenship can thus be ignored for purposes of determining diversity. What remains are completely diverse parties: Plaintiff, a Texas citizen, and B & H, a New York citizen. Removal was therefore appropriate, and this Court has jurisdiction on the basis of diversity.[3] *See id.* ("If fraudulent joinder is found, and the requirements of jurisdiction

---

[3] According to the Third Amended Complaint, the amount in controversy far exceeds $75,000. Compl. pp. 27-29; *see Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (recognizing a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy").

are otherwise met, then the case was properly removed and the Court has subject matter jurisdiction."). Plaintiff's cross motion to remand to state court is denied.

## B. Causes of Action[4]

### 1. Texas Civil Theft Statute

Assuming arguendo that Texas law does apply to Plaintiff's theft claims, he has not pled sufficient facts to state a claim under the Texas Civil Theft Statute.[5] The elements of a claim under the statute are (1) that Plaintiff had a possessory right to property or was the provider of services; (2) that the Defendant unlawfully appropriated property or unlawfully obtained services; and (3) that Plaintiff sustained damages as a result of the theft. Tex. Civ. Prac. & Rem. Code §§ 134.002(2), 134.003; Tex. Penal Code §§ 31.01(a). In addition, the Plaintiff must prove that Defendant intended to deprive Plaintiff of the property or services at the time of the taking. *See Olufemi-Jones v. Bank of America, N.A.*, No. 3:12-cv-3428, 2013 WL 1482544, at *3 (N.D. Tex. Apr. 10, 2013) (noting that, to survive a motion to dismiss, plaintiff pleading a Texas Theft Liability Act claim "must also allege that the defendant possessed an intent to deprive the plaintiff of her property permanently of for an extended period of time"); *First State Bank, N.A. v. Morse*, 227 S.W.3d 820, 826 (Ct. App. Tex. 2007) (requiring intent to deprive at the time of the taking). In the Third Amended Complaint, Plaintiff alleges that B & H sent him the incorrect SSD and refused to refund his payment. However, he alleges no facts that allow the Court to infer that B & H intended to "deprive" Plaintiff of his payment without filling the order at the

---

[4] This opinion need not address Plaintiff's trespass to chattel claim, which was raised for the first time in his February 2, 2018 Motion to Remand this Case Back to Texas District Court, Objections to Defendants' Motion to Dismiss this Case, & Dr. Tyurin's Notes Per the Lack of Jurisdiction of this Court Over this Case. Dkt. No. 52; *see, e.g., Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996) (declining to consider an argument raised for the first time in a reply brief by a pro se plaintiff).

[5] Because the Court cannot conclude that Texas law governs this case, Defendants' request for attorney fees under the Texas Civil Theft Statute is denied.

time of the website transaction. Without such factual allegations, Plaintiff has not stated a claim under the Texas Civil Theft Statute.

## 2. Fraud

The factual allegations in the Third Amended Complaint do not support Plaintiff's fraud claims under either Texas or New York law. An essential element of a fraud claim is a material misrepresentation made by the defendant. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008) ("Under Texas law, to state a claim from common-law fraud...[Plaintiff] must allege that the Defendants made a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of the truth, which was intended to be acted upon, which was relied upon, and which caused injury."); *In re WorldCom, Inc. Securities Litigation*, 382 F.Supp.2d 549, 558 (S.D.N.Y. 2005) ("To plead a claim for fraud under New York law, a complaint must allege that the defendant made a material misrepresentation., that the defendant knew of its falsity and possessed an intent to defraud, and that the plaintiff reasonably relied on the misrepresentation and suffered damage as a result.").

Read generously, the Third Amended Complaint points to (1) the sale of the drive by B & H and (2) the actions of the attorneys in removing the lawsuit as fraudulent acts. However, Plaintiff pleads no factual content to support the existence of actual statements made by Defendants that contained material misrepresentations. Even if B & H's description of the SSD as having 512 GB capacity could constitute a material misrepresentation, Plaintiff has not alleged that B & H either knew the website description was false or was reckless with regard to the truth. *See Shannon v. Law-Yone*, 950 S.W.2d 429, 438 (Ct. App. Tex. 1997) (noting that common law fraud requires "knowledge of the falsity [of a misrepresentation] or reckless disregard of the truth or falsity of the representation at the time it was made"). As to the "fraudulent removal," there is

no indication in Plaintiff's pleadings what he believes were the false statements made to the court to induce it to grant the motion to remove. The Court construes Plaintiff's complaint liberally, but it cannot provide facts to support Plaintiff's claims where none were alleged. As a result, Plaintiff's claim does not survive under either state's law. It is not enough to plead "common law civil fraud" and "fraud on the Court." Without underlying factual allegations, Plaintiff has not stated a claim, and his fraud causes of action must be dismissed.

### 3. Intentional Infliction of Emotional Distress

Finally, Plaintiff has failed to state a claim for intentional infliction of emotional distress. In both Texas and New York, "extreme and outrageous conduct" on the part of Defendants is an element of intentional infliction of emotional distress. *See Skidmore v. Precision Printing and Pkg., Inc.*, 188 F.3d 606, 613 (5th Cir.) (Under Texas law, a plaintiff must show "that the defendant's conduct was extreme and outrageous: so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious.") (quoting *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 306 (5th Cir.1989) (internal quotation marks omitted)); *Hughes v. Patrolmen's Benevolent Ass'n of the City of New York*, 850 F.2d 876, 883 (2d Cir. 1988) (Under New York law, "[t]his tort 'predicates liability on the basis of extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society.'") (quoting *Freihofer v. Hearst Corp.*, 480 N.E.2d 349, 355 (N.Y. 1985)).

Taking all facts in the complaint as true, Defendants' conduct consisted of: (1) shipping an incorrect SSD to Plaintiff; (2) refusing to give Plaintiff a refund of the $189.99 purchase amount; (3) removing the lawsuit against B & H to federal court on the basis of diversity jurisdiction; and (4) serving Plaintiff with many copies of litigation documents at his home and

business addresses. No reasonable finder of fact could conclude that these actions, considered individually or in combination, are so outrageous as to transcend the "bounds of decency." *See Skidmore*, 188 F.3d at 613; *Hughes*, 850 F.2d at 883. Because Plaintiff has alleged no conduct that could be considered "intolerable in a civilized society," his claim for intentional infliction of emotional distress cannot survive a motion to dismiss, and the Court need not reach the other elements of a successful claim. *Id.*

### C. Leave to Replead

Rule 15(a)(2) provides that the Court should "freely give leave" for a party to amend its pleading "when justice so requires." F.R.C.P. 15(a)(2). Nevertheless, leave to amend may properly be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008). Plaintiff has had ample opportunities to amend his pleadings in this case, and was put on notice that declining to amend to timely respond to a fully briefed argument in Defendants' motion to dismiss could constitute a waiver of his right to amend. *See* Dkt No. 51 (further extending sua sponte the deadline for Plaintiff to amend his complaint in response to Defendants' motion to dismiss). There is no indication that, given an additional chance to amend, Plaintiff would address the deficiencies raised in this opinion.

Moreover, this is not the first lawsuit that Plaintiff has brought arising from the facts alleged in his Third Amended Complaint. *See Dr. Michael (Mikhail) Tyurin v. B & H Foto & Electronics Corp. S/H/A B & H Photo Video Pro Audio LLC*, No. 4:16-cv-01431 (S.D. Tex.). Plaintiff has also filed suit separately against Defendants Weitzel and Corrie. *See Dr. Michael*

*(Mikhail) Tyurin v. Robert E. Weitzel, Clint C. Corrie, Ritu Gupta, Henkel, C.M. III, and Fritz, Byrne, Head & Gilstrap, PLLC*, No. 2017-30630 (Harris Cty., Tex., 164th Jud. Dist. Ct.). Due in part to these duplicitous and meritless lawsuits, Plaintiff was declared a "vexatious litigant" by Texas state court. *See* Order Delaring Dr. Michael (Mikhail) Tyurin a Vexatious Litigant, Dkt. No. 44, Ex. 2. The Court therefore concludes that it would not be in the interests of justice to allow this litigation to continue. Accordingly, Plaintiff's complaint is dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss and denies Plaintiff's motion to remand. This resolves Docket Numbers 43 and 52. The Clerk of the Court is directed to close the case and enter judgment. This Order will be mailed by Chambers to the pro se Plaintiff.

SO ORDERED.

Dated: September 24, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge